## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| GINGER BUCKLEY and RHONDA PERRIGO, on behalf of themselves and all others similarly situated,<br><br>    Representative Plaintiffs,<br><br>vs.<br><br>REHAB AMERICA, INC., and TRUADVANTAGE MISSOURI LLC,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE No. _____<br><br><br>**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938**<br><br>**JURY DEMAND** |

## <u>COMPLAINT</u>

Come Representative Plaintiffs GINGER BUCKLEY and RHONDA PERRIGO ("Representative Plaintiffs"), on behalf of themselves and all others similarly situated ("Class Members"), and for their Complaint against Defendants REHAB AMERICA, INC. and TRUADVANTAGE MISSOURI LLC, ("Defendants") allege the following:

### I.    OVERVIEW

1.    The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 to eliminate low wages and long hours and correct conditions that were detrimental to workers' health and well-being.  To achieve its humanitarian goals and purposes, Section 7(a) of the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate 'not less than one and one-half times the regular rate at which he is employed.'" *Walling v. Helmerich & Payne,* 323 U.S. 37, 39 (1944)(citing 29 U.S.C. §207(a)).

2.      This is a collective action brought pursuant to the FLSA by Representative Plaintiffs Ginger Buckley and Rhonda Perrigo, on behalf of themselves and all similarly situated current and former non-exempt, hourly-paid occupational therapy assistants, and physical therapy assistants ("Class Members"), who worked at any of the skilled nursing and rehabilitation facilities at which Defendants provided occupational and/or physical therapy services from April 12, 2018, through the present (hereinafter referred to as the "Recovery Period"), and who: a) worked "off the clock;" and/or b) were not paid for all overtime hours worked in excess of 40 hours in a workweek.

3.      Throughout their employment with Defendants, including the Recovery Period, Representative Plaintiffs and Class Members were paid an hourly rate of pay and were classified as non-exempt employees by Defendants, and regularly and routinely worked more than 40 hours in a typical workweek.

4.      Throughout their employment with Defendants, including during the Recovery Period, Representative Plaintiffs and Class Members: a) worked "off the clock;" and/or b) were denied proper overtime compensation for all the hours they worked in excess of 40.

5.      Throughout Representative Plaintiffs' and Class Members' employment, including during the Recovery Period, Defendants regularly and routinely willfully violated the FLSA by failing to pay the Representative Plaintiffs and Class Members at time and one-half their regular rates of pay for all hours worked in excess of forty (40) hours within a workweek.

## II.      JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 & §1343.

2

7.     Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391 because a substantial portion of the events forming the basis of the suit occurred in this District.

### III.     PARTIES

8.     Representative Plaintiff Ginger Buckley is a resident and citizen of Somerville, Tennessee.  Her Consent Form to join this lawsuit is attached hereto as Exhibit 1.

9.     Throughout the Recovery Period, Ginger Buckley worked as a Physical Therapy Assistant for Defendants, primarily at Defendants' Northbrooke facility in Jackson, Tennessee, and was paid hourly.

10.     Representative Plaintiff Rhonda Perrigo is a resident and citizen of Henderson, Tennessee.  Her Consent Form to join this lawsuit is attached hereto as Exhibit 2.

11.     Throughout the Recovery Period, Rhonda Perrigo worked as a Certified Occupational Therapy Assistant ("COTA") for Defendants, primarily at Defendants' Northbrooke and West Tennessee Transitional Care facilities in Jackson, Tennessee, and was paid an hourly rate of pay.

12.     Defendant TruAdvantage Missouri, LLC ("TruAdvantage") is a Tennessee Limited Liability Company, with its principal place of business in Franklin, Tennessee.

13.     Defendant Rehab America, Inc. ("Rehab America") is a Tennessee corporation, with its principal place of business in Franklin, Tennessee.  According to its website, "Rehab America offers physical, speech and occupational therapies in partnership with skilled nursing facilities and other healthcare providers. Our therapists work as a team to understand each patient's goals and create a plan to restore abilities needed for daily living. This approach ensures patient access to expert care across every discipline."

14.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted within the course and scope of their employment with Defendants in committing the acts and conduct complained of herein.

## IV.    COVERAGE UNDER THE FLSA

15.     At all material times, Defendant TruAdvantage has been an employer and/or joint employer of Representative Plaintiffs Buckley and Perrigo and the Class Members within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

16.     At all material times, Defendant Rehab America has been an employer and/or joint employer of Representative Plaintiffs Buckley and Perrigo and the Class Members within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

17.     At all material times, Defendant TruAdvantage has constituted an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

18.     At all material times, Defendant Rehab America has constituted an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

19.     At all material times, Defendant TruAdvantage has been an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of §3(s)(1) of the FLSA because it has had employees engaged in commerce and made an annual gross income of not less than $500,000.  29 U.S.C. §203(s)(1).

20.     At all material times, Defendant Rehab America has been an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of §3(s)(1) of the FLSA because it has had employees engaged in commerce and made an annual gross income of not less than $500,000.  29 U.S.C. §203(s)(1).

4

21.     At all material times, Representative Plaintiffs and Class Members have been employees within the meaning of §3(e)(1) of the FLSA.  29 U.S.C. §203(e)(1).

22.     At all material times, the overtime provisions set forth in §6 and §7, respectively, of the FLSA applied to Defendant TruAdvantage, and to each of Defendant TruAdvantage's hourly-paid non-exempt occupational therapy assistants and physical therapy assistants pursuant to 29 U.S.C. §206 and §207.

23.     At all material times, the overtime provisions set forth in §6 and §7, respectively, of the FLSA applied to Defendant Rehab America, and to each of Defendant Rehab America's hourly-paid non-exempt occupational therapy assistants and physical therapy assistants pursuant to 29 U.S.C. §206 and §207.

## V.     FACTUAL BACKGROUND

24.     Defendant TruAdvantage operates and oversees all aspects of operations for approximately twenty-eight (28) skilled nursing and rehabilitation facilities located throughout Tennessee, and one (1) in Huntsville, Alabama, providing a full range of care for short-term patients and long-term residents.

25.     Defendant Rehab America provides physical, occupational, and speech therapy services in partnership with skilled nursing and other healthcare providers at approximately twenty-nine (29) facilities.

26.     Throughout the Recovery Period, Defendants staffed each of these twenty-nine (29) skilled nursing and healthcare facilities with occupational therapy assistants and physical therapy assistants who provided therapy services to short-term patients and long-term residents.

5

27. In addition to their clinical duties providing therapy to patients, all of the occupational and physical therapy assistants who worked at these twenty-nine (29) skilled nursing and healthcare facilities were required to perform administrative, clerical, and other duties. Throughout the Recovery Period, Representative Plaintiffs' and Class Members' were required to perform substantial administrative and other non-clinical duties, which included, but were not limited to attending care plan meetings; attending morning and evening facility meetings; attending weekly rehab meetings; attending in-service meetings for rehabilitation and facility staff; assisting patients with essential functions such as using the bathroom, bringing them water, and feeding them; performing home assessments; assisting patients with home exercise program; communicating with physicians regarding their patients; consulting with families; communicating patient information to nurses; assisting other therapists and therapy assistants with computer problems; scanning documents into computer; cleaning of therapy room; cleaning rehabilitation gym and equipment; and, charting progress notes, evaluations, and other daily notes.

28. Throughout the majority of the Recovery Period, Defendants established uniform productivity standards for all their occupational therapy assistants and physical therapy assistants who worked at each of the skilled nursing and healthcare facilities at which Defendants provided therapy services, which standards required that a minimum of eighty-five percent (85%) or ninety percent (90%) or more of the "on-the-clock" work hours logged by therapy assistants be billable to Medicare or private health insurers.

29. Because Defendants only billed Medicare and private insurers for the time therapy assistants actually spent performing therapy work with patients, in order to meet Defendants' productivity standards, therapy assistants could only spend a relatively small percentage of their "on-

the-clock" work hours on the non-clinical and/or administrative and clerical duties they were required to perform in addition to their clinical therapy duties.

30.     Upon information and belief, Defendants maintained written job descriptions for occupational and physical therapy assistants throughout the Recovery Period, which established uniform job duties for each therapy group, and which job descriptions included numerous non-clinical, administrative, and clerical duties each therapy group was required to perform on a regular and recurring basis.

31.     The job duties performed by Representative Plaintiffs Ginger Buckley and Rhonda Perrigo were similar to those performed by other Class Members during their employment with Defendants during the Recovery Period.

32.     Throughout the Recovery Period, Defendants had a "no recorded overtime" policy by which it discouraged the recording of overtime hours by its therapy assistants, including Representative Plaintiffs and Class Members, but not the performance of "off-the-clock" overtime work.

33.     Throughout the Recovery Period, the Representative Plaintiffs' and Class Members' thirty (30) minute lunch break was regularly interrupted by work because of their heavy job responsibilities and pressure to meet Defendants' productivity standards.

34.     Throughout the Recovery Period, the Defendants automatically deducted a thirty (30) minute lunch break from the Representative Plaintiffs' and Class Members' compensable hours of work whether or not their lunches were interrupted by work.

35.     Since the vast majority of the Representative Plaintiffs' and Class Members' workdays were spent performing therapy work with patients, it was not possible to meet Defendants'

productivity standards and goals within an eight (8) hour day, or forty (40) hour week, without performing a substantial amount of uncompensated, off-the-clock work to complete their voluminous administrative and other duties.

36.     The Representative Plaintiffs were regularly assigned many more than seven (7) therapy patients in a single day and were often required to spend seventy-five (75) minutes with each patient, depending on the patient's condition.

37.     Representative Plaintiffs' and Class Members' performance evaluations, compensation, and/or job security depended, in large part, on whether they met Defendants' productivity standards.

38.     Defendants were well aware that Representative Plaintiffs and Class Members were performing substantial amounts of work off-the-clock in order to meet Defendants' unrealistic productivity standards.

39.     Defendants imposed the same performance standards on each occupational and physical therapy assistant within their respective therapy specialties throughout the Recovery Period.

40.     Defendants willfully and intentionally imposed unrealistically high productivity standards on Representative Plaintiffs and Class Members, knowing that they would be forced to work off-the-clock to meet those unreasonable productivity standards, which Defendants did in order to increase their bottom-line profits and/or compensation.

41.     Representative Plaintiff Buckley worked for Defendants TruAdvantage and/or Rehab America (and/or one of their predecessor companies) from 2010 until June 2019.  Throughout the Recovery Period, Representative Plaintiff Buckley primarily worked at Defendants' Northbrooke facility in Jackson, Tennessee, although she sometimes also drove to and worked at Defendants'

8

other facilities, including Forest Cove, West Tennessee Transitional Care, McNairy, Savannah, Lexington, Dyersburg, Union City, Humboldt, Brownsville, Selmer, McKenzie, and Parsons.

42.     On numerous occasions throughout the Recovery Period, Representative Plaintiff Buckley was assigned as many as ten (10) to thirteen (13) therapy patients which Defendants required her to finish treating within an eight (8) hour day, and in addition was required to perform many of the administrative and non-clinical duties while still meeting Defendants' productivity standards.

43.     Throughout the Recovery Period, Representative Plaintiff Buckley typically worked between two (2) to six (6) hours a week "off-the-clock" or more in order to complete all her tasks and duties and meet Defendants' unrealistic productivity standards.

44.     Representative Plaintiff Perrigo worked for Defendants TruAdvantage and/or Rehab America (and/or one of their predecessor companies) from October of 2011 until June of 2019. Throughout the Recovery Period, Representative Plaintiff Perrigo primarily worked at Defendants' Northbrooke facility in Jackson, Tennessee, although she also worked at Defendants' Forest Cove, West Tennessee Transitional Care, McNairy, Lexington, Dyersburg, Humboldt facilities, and maybe a time or two at the Parsons facility.

45.     On numerous occasions throughout the Recovery Period, Representative Plaintiff Perrigo was assigned as many as ten (10) to thirteen (13) therapy patients which Defendants required her to treat within an eight (8) hour day, and in addition was required to perform many of the administrative and non-clinical duties while still meeting Defendants' productivity standards.

9

46. Throughout the Recovery Period, Representative Plaintiff Perrigo typically worked between four (4) to six (6) or more hours a week "off-the-clock" in order to perform all her tasks and duties and meet Defendants' unrealistic productivity standards.

47. The experiences of Representative Plaintiffs Buckley and Perrigo are similar to, and typical of, Class Members who also worked significant amounts of unpaid overtime hours "off-the-clock" to meet Defendants' unrealistic productivity standards.

48. Throughout the Recovery Period, Defendants "suffered and permitted" Representative Plaintiffs and Class Members to perform work "off-the-clock" within the meaning of 29 C.F.R. §785.11: "Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift…The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time."

49. Throughout the Recovery period, Defendant TruAdvantage, and/or its predecessor companies, shared common officers, management, and other employees; ownership; company headquarters; and consolidated human resources, payroll, and other operations with Defendant Rehab America.

50. TruAdvantage exercised operational control over key aspects of the business activities and operations of Rehab America and acted directly or indirectly in the interest of Rehab America in relation to Representative Plaintiffs and Class Members.

51. Upon information and belief, Defendant TruAdvantage, acting through its owners, officers, and managers who were directly or indirectly responsible for the unreasonable productivity standards, "no-recorded overtime" policy, and "work-through-lunch" policy which substantially

10

affected the conditions of employment of Representative Plaintiffs and Class Members, and which forced them to work substantial amounts of uncompensated overtime.

52.     Upon information and belief, TruAdvantage, its ownership, officers, and managers benefited financially from the violations of the FLSA which Representative Plaintiffs and Class Members suffered, and thereby directed, encouraged, and approved of the uncompensated overtime Representative Plaintiffs and Class Members were forced to work.

53.     Accordingly, Defendant TruAdvantage acted "directly or indirectly in the interest of an employer in relation to" the Representative Plaintiffs and similarly-situated occupational, physical, and speech therapy assistants within the meaning of §203(d) of the FLSA, and is thus jointly and severally liable with all other Defendants for the unpaid wages, liquidated damages, costs and attorneys' fees, and all other relief sought herein.

54.     Defendant TruAdvantage has had three different names during the Recovery Period. The entity now known as "TruAdvantage Missouri, LLC," was previously named "AmeriHealth, Inc.," and prior to that was named "American Health Partners Inc."

55.     Defendant TruAdvantage has the same basic ownership; management structure; management staff; employees working at the same locations which provide the same services throughout Tennessee and in Huntsville, Alabama; operates out of the same principal office headquarters; shares a common business purpose with, and conducts the same type business operations, as did its predecessors, AmeriHealth, Inc., and American Health Partners Inc.

56.     Defendant TruAdvantage is the bona fide successor to AmeriHealth, Inc., and American Health Partners Inc., and is thus liable for the FLSA violations committed by its predecessor entities, AmeriHealth, Inc., and American Health Partners Inc.

11

57.     The foregoing conduct, as alleged, constitutes a willful violation of law because Defendants knew or showed reckless disregard for the fact that their compensation policies, practices, and procedures violated the law.

## VI.     COLLECTIVE ACTION ALLEGATIONS

58.     The Representative Plaintiffs reassert and re-allege the allegations set forth above.

59.     The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. §207(a)(1).

60.     The Representative Plaintiffs bring this FLSA collective action on behalf of themselves and all other persons similarly situated pursuant to §16(b) of the FLSA (codified at 29 U.S.C. §216(b)), which provides, in pertinent part, as follows:

> An action to recover the liability prescribed in either of the preceding sentences maybe maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.

61.     The collective Class consists of all current and former occupational therapy assistants and physical therapy assistants who worked at any of the skilled nursing and rehabilitation facilities at which Defendants provided occupational and/or physical therapy services during the Recovery Period, and who: a) worked "off the clock;" and/or b) were not paid for all overtime hours worked in excess of 40 hours in a workweek.

62.     Section 13 of the FLSA, codified at 29 U.S.C. §213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions from overtime pay apply to the Representative Plaintiffs or to Class Members.

12

63.     The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

64.     The FLSA requires covered employers, such as Defendants, to make, keep, and preserve accurate records of the hours worked by non-exempt employees.

65.     Defendants failed to keep accurate records of the hours worked by Representative Plaintiffs and Class Members.

66.     Representative Plaintiffs and Class Members are victims of Defendants' widespread, repeated, systematic, illegal, and uniform compensation policies, practices, and/or procedures designed to evade the requirements of the FLSA.

67.     Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint, in ways including, but not limited to, knowingly failing to pay employees overtime compensation.

68.     Defendants have/had uniform policies, practices, and/or procedures which required, and continue to require, Representative Plaintiffs and Class Members to work without proper overtime compensation in violation of the FLSA.  Specifically, Defendants required Representative Plaintiffs and Class Members to work "off the clock."

69.     Pursuant to Defendants' uniform policies, practices, and/or procedures, although Defendants regularly required Representative Plaintiffs and other Class Members to work more than 40 hours in a workweek, the Representative Plaintiffs and other Class Members were not paid at the rate of at time and one-half their regular rates of pay for all hours they worked beyond 40 hours in a workweek.

13

70.     Defendants' conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. §255.

71.     Defendants are liable under the FLSA for failing to properly compensate Representative Plaintiffs and Class Members.

72.     Representative Plaintiffs and the Class Members are similarly situated to one another because, throughout the Recovery Period, they were each: 1) paid hourly; 2) classified as non-exempt; 3) subject to Defendants' productivity standards; 4) subject to Defendants' "anti-overtime" policy; 5) subject to Defendants' "work-through-lunch" policy; and, 6) shared uniform job descriptions and duties with other therapy assistants within their therapy specialty.

73.     There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' common and uniform policies, practices, and/or procedures of not paying therapy assistants, including Representative Plaintiffs and Class Members, for all of their work hours, including overtime, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in this action. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

74.     Representative Plaintiffs and Class Members are entitled to damages equal to pay for all overtime hours worked at the overtime premium rate mandated by the FLSA within the three (3) years preceding the filing of the Complaint, because Defendants acted willfully and knew, or showed reckless disregard for whether the FLSA prohibited their conduct.

75.     Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA as alleged in the preceding Paragraphs. As a result thereof, Representative Plaintiffs and Class Members are entitled to recover an award of

14

liquidated damages in an amount equal to the amount of unpaid overtime compensation as permitted by §16(b) of the FLSA. 29 U.S.C. §216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds to believe they were complying with the FLSA, Representative Plaintiffs and all similarly-situated Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

76.     As a result of the aforementioned violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from the Representative Plaintiffs and Class Members. Accordingly, Defendants are liable to Representative Plaintiffs and Class Members for unpaid overtime compensation under §16(b) of the FLSA (codified at 29 U.S.C. §216(b)), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## VII.    PRAYER FOR RELIEF

77.     Wherefore, Representative Plaintiffs, on behalf of themselves and all other similarly situated Class Members, respectfully request that this Court grant the following relief:

      a.     Designation of this action as a collective action on behalf of the Class Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly-situated members of the FLSA Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join this lawsuit pursuant to 29 U.S.C. §216(b);

      b.     An award of unpaid wages, including all overtime compensation due under the FLSA;

      c.     An award of liquidated damages as a result of the Defendants' failure to exercise good faith in failing to pay lawful overtime compensation pursuant to 29 U.S.C. §216;

      d.     An award of prejudgment and post-judgment interest;

15

e.      An award of costs and expenses of this action, together with reasonable attorneys' fees; and

f.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

/s/ Peter F. Klett
Peter F. Klett, TN Bar #12688
Joshua Burgener, TN Bar #29077
424 Church Street, Suite 800
Nashville, TN 37219
Tel.:  615.244.6538
Fax:   844-670-6009
pklett@dickinsonwright.com
jburgener@dickinsonwright.com

*Attorneys for Representative Plaintiffs and Putative Collective Class*

4846-5060-3232 [96294-1]

16