UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GINGER BUCKLEY and RHONDA PERRIGO, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:21-cv-00296 ) |
| REHAB AMERICA, LLC and TRUADVANTAGE MISSOURI, LLC, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' unopposed Motion for Conditional Certification and for the Issuance of Court-Supervised Notice (Doc. No. 6). For the following reasons, the Motion will be granted.

### I. BACKGROUND

Plaintiffs Ginger Buckley and Rhonda Perrigo worked as occupational and physical therapy assistants for Defendants Rehab America, LLC and Truadvantage Missouri LLC ("Defendants"). (Doc. No. 8 at 1). Plaintiffs brought this collective action against Defendants, alleging that Defendants maintained "a common policy of failing to pay overtime for hours over 40 worked in a workweek" in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Id.

### II. LEGAL STANDARD

Under the FLSA, a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in

writing[.]" 29 U.S.C. § 216(b). "Thus, in order to join a collective action, an employee must (1) be 'similarly situated' to the plaintiff who maintains the action, and (2) give his written consent to join." Evans v. Caregivers, Inc., No. 3:17-cv-0402, 2017 WL 2212977, at *4 (M.D. Tenn. May 19, 2017) (citing Comer v. Wal—Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006)). Whereas in a class action, governed by Federal Rule of Civil Procedure 23, plaintiffs must "opt-out," those in a collective action must "opt-in." See id. "The 'opt-in' nature of the collective action heightens the need for employees to receiv[e] accurate and timely notice concerning the pendency of the collective action." Id. (internal quotations and citations omitted); see also Castillo v. Morales, Inc., 302 F.R.D. 480, 483 (S.D. Ohio 2014).

### III. ANALYSIS

"District courts conduct a two-phase inquiry to determine whether plaintiffs are similarly situated: conditional and final certification." Honaker v. Wright Bros. Pizza, Inc., No. 2:18-cv-1528, 2020 WL 134137, at *1 (S.D. Ohio Jan. 13, 2020) (citing Frye v. Baptist Mem'l Hosp., Inc., 495 F. App'x 669, 671 (6th Cir. 2012)). At the conditional certification stage, Plaintiff must show that the employees in the class are "similarly situated." See Comer, 454 F.3d at 546. To do so, Plaintiffs need only "make a modest factual showing" that "his position is similar, not identical, to the positions held by the putative class members." Id. at 546-47 (quotation marks and citations omitted); see also Evans, 2017 WL 2212977, at *5. Courts have consistently held that the standard for satisfying conditional certification is low and more likely than not results in conditional certification. Comer, 454 F.3d at 547. At this stage, the Court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." Evans, 2017 WL 2212977, at *5 (citing Swigart v. Fifth Third Bank, 276 F.R.D. 210, 214 (S.D. Ohio 2011)).

"Courts within the Sixth Circuit have consistently found that 'plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.'" Vasser v. Mapco Express, __ F. Supp. 3d __, 2021 WL 2661136, at *10 (M.D. Tenn. June 29, 2021) (citing Bradford v. Logan's Roadhouse, Inc., 137 F. Supp. 3d 1064, 1071 (M.D. Tenn. 2015) (internal citations omitted). Plaintiffs may also "meet the similarly situated requirement if they can demonstrate, at a minimum, that 'their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" Evans, 2017 WL 2212977, at *5 (internal citations omitted). Courts examine several factors when considering whether to grant conditional certification, including: "(1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and, (3) whether there is evidence that defendants maintained a widespread discriminatory plan affecting those plaintiffs." Id. (citing Waggoner v. U.S. Bancorp, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015)). "Once a court determines that the potential opt-in plaintiffs are 'similarly situated' to the named plaintiffs, notice is sent, opt-in forms are filed[,] and discovery takes place." Atkinson v. TeleTech Holdings, Inc., No. 3:14-CV-253, 2015 U.S. Dist. LEXIS 23630, 2015 WL 853234, at *2 (S.D. Ohio Feb. 26, 2015).

After the parties complete discovery, the Court then moves to the second phase of the certification process. See Evans, 2017 WL 2212977, at *5 (citing Struck v. PNC Bank N.A., No. 2:11-CV-00982, 2013 U.S. Dist. LEXIS 19444, 2013 WL 571849, at *2 (S.D. Ohio Feb. 13, 2013)). The bar at this stage to determine whether class members are similarly situated is significantly more stringent. Id. (citing Atkinson, 2015 U.S. Dist. LEXIS 23630, 2015 WL 853234,

at *3). But because analyzing the second phase "is for another day," the Court will now turn to whether conditionally certify the class at issue. See Vasser, 2021 WL 2661136, at *11.

A. Conditional Certification

Here, Defendants concede that Plaintiffs have met the lenient bar at the conditional certification stage. (See Doc. No. 20 at 1–2). Nonetheless, the Court has an independent obligation to examine Plaintiffs' request and finds that Plaintiffs have met the "modest factual showing" required. See Vasser, 2021 WL 2661136, at *11; see also Comer, 454 F.3d at 547; Honaker, 2020 WL 134137, at *1. Plaintiffs allege that because of "Defendants' unrealistic production standards and policy prohibiting therapy assistants from recording all of their overtime hours, Plaintiffs and others similarly-situated therapy assistants were forced to work a large number of overtime hours off-the-clock." (Doc. No. 8 at 1). Thus, Plaintiffs allege "Defendants violated the FLSA by failing to pay Plaintiffs and other full-time occupational and physical therapy assistants proper overtime pay for the huge number of hours they worked in excess of 40 in a workweek throughout the three-year period prior to the filing of the Complaint." (Id. at 1–2). Accordingly, the Court will grant conditional certification of a collective action by a class defined as: "All Current or Former Employees who worked as Therapy Assistants for Rehab America, LLC., at any time within the last three (3) years and who worked uncompensated overtime at any time from April 12, 2018, through the present." (See Doc. No. 20-1).

B. Notice, Method of Dissemination, and Opt-In Period

Plaintiffs next ask the Court to approve the proposed form of notice. (See Doc. No. 20-1). Courts have "the authority to supervise notice to potential plaintiffs." Honaker, 2020 WL 134137, at *3 (citing Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 172 (1989)). Through "monitoring preparation and distribution of the notice, a court can ensure that [a notice] is timely, accurate, and

informative." Hoffman-LaRoche, 493 U.S. at 172. Having reviewed the proposed notice, the Court finds it is "timely, accurate, and informative." Vasser, 2021 WL 2661136, at *11. The proposed notice "clearly informs putative class members of their rights and how they can elect to participate in the action." Evans, 2017 WL 2212977, at *6. The notice also adequately describes the legal claims, notes that the Defendant is defending against those claims, and references the "legal effects of joining and not joining the suit." Id. Accordingly, the Court hereby approves the notice.

The parties desire to send the notice by email and U.S. mail. (See Doc. No. 6 at 2). Courts have broad "discretion in deciding how notice is disseminated." Vasser, 2021 WL 2661136, at *12 (citing Honaker, 2020 WL 134137, at *3). Courts regularly approve such notification. See Evans, 2017 WL 2212977, at *7 (collecting cases). Defendant does not object to this form of notice. Accordingly, the Court finds that such notice is appropriate in this case.

Last, the parties request a 45-day opt-in period. (See Doc. No. 20 at 2; see also Doc. No. 20-1). As with mail and email notice, courts within the Sixth Circuit regularly approve opt-in periods longer than 45 days. See Honaker, 2020 WL 134137, at *3 (citing Cowan v. Nationwide Mutual Insurance Co., No. 2:19-cv-1225, 2019 WL 4667497, at *13 (S.D. Ohio Sep. 25, 2019)). The Court finds a 45-day opt-in period to be reasonable.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' unopposed Motion for Conditional Certification and for the Issuance of Court-Supervised Notice (Doc. No. 6). The Court conditionally certifies the following collective action class:

> All Current or Former Employees who worked as Therapy Assistants for Rehab America, LLC., at any time within the last three (3) years and who worked uncompensated overtime at any time from April 12, 2018, through the present.

Defendants **SHALL**, within twenty (20) days of the date of this Order, provide Plaintiffs' counsel with the names, last known addresses, and email addresses of all eligible employees who were full-time occupational and physical therapy assistants who work or have worked at Defendants' skilled nursing and rehabilitation facilities at any time since April 12, 2018.

The Court **APPROVES** the Notice (Doc. No. 20-1). Notice shall be sent by regular mail and email, and putative opt-in Plaintiffs shall have forty-five (45) days from the date they receive notice to return the consent form to Plaintiffs' counsel.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE