UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GINGER BUCKLEY and<br>RHONDA PERRIGO, on behalf of<br>themselves and all others similarly<br>situated,<br><br>  Plaintiffs,<br><br>v.<br><br>REHAB AMERICA, INC., and<br>TRUADVANTAGE MISSOURI, LLC,<br><br>  Defendants. | NO. 3:21-cv-00296 |

## ORDER

Before the Court is the unopposed Motion of Plaintiffs (Doc. No. 36), individually, and on behalf of all similarly-situated persons, for an order approving 1) the Settlement Agreement, which resolves all claims asserted against Defendants; 2) the Gross Settlement Amount; 3) the service awards to Named Plaintiffs and specified opt-in Plaintiffs; and 4) the request for Class Counsel's attorneys' fees and expenses. Based upon the entire record and including the Settlement Agreement, the Court finds as follows:

1. The parties' Settlement Agreement is fair, reasonable and adequate;

2. Defendants shall pay to Plaintiffs and Class Members a Gross Settlement Amount in the amount of $279,300.00, inclusive of all Settlement Awards, attorneys' fees, costs, and service awards, but excluding the employers' share of federal and state payroll taxes;

3. Plaintiffs' request for service payments to the two Named Plaintiffs in the amount of $6,500.00 each and one opt-in Plaintiff in the amount of $1,000.00 as specified in the

1

Settlement Agreement, for a total amount of $14,000.00 to be paid from the Gross Settlement Amount, is fair, reasonable and adequate;

4. After consideration of the Plaintiffs' request for an award of fees and reimbursement of litigation expenses, including the factors set forth in <u>Ramey v. Cincinnati Enquirer, Inc.</u>, 508 F.2d 1188 (6th Cir. 1974), including: (1) the value of the benefit conferred upon the class; (2) the public interest in rewarding attorneys who produce such benefits in order to incentive others; (3) the services were undertaken on a contingent fee basis; (4) the value and reasonableness of the services on an hourly basis; (5) that the resulting lodestar of approximately $84,094.00, which yields a modest lodestar multiplier of 1.1, is below the 2.0 to 5.0 multiplier range that courts within the Sixth Circuit have approved in common fund cases such as this; (6) the complexity of the litigation; and (7) the professional standing and skill of all counsel, Class Counsel's request for an award of attorneys' fees in the amount of $93,100.00, which is equal to one-third (33.33%) of the Gross Settlement Amount is fair, reasonable and adequate;

5. Dismissal of all claims released in the Settlement Agreement on the merits and with prejudice, is agreed to by the parties, except as provided in the Settlement Agreement; and

6. The Court reserves jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order. The unopposed motion is **GRANTED.**

The Clerk shall enter a final judgment consistent with this Order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3